## UNITED STATES DISTRICT COURT
## SOUTHERN DISTRICT OF NEW YORK

------------------------------------------------------ x

Eric Schleyer and Emilyn Mishkan, on  
behalf of themselves and all others similarly  
situated,

                Plaintiffs,

      v.

Starbucks Corporation,

                Defendant.

------------------------------------------------------ x

:  
:  
:  
:  
:  
:  
:  
:  
:  
:  
:  
:  
:  
:

CASE NO. 1:22-cv-10932

**CLASS ACTION COMPLAINT**

**<u>JURY TRIAL DEMANDED</u>**

      Plaintiffs Eric Schleyer and Emilyn Mishkan ("Plaintiffs"), on behalf of themselves and all others similarly situated, by and through their attorneys, bring this Class Action Complaint against Starbucks Corporation ("Defendant" or "Starbucks"), based upon personal knowledge as to themselves, and upon information, investigation and belief of their counsel.

### <u>INTRODUCTION</u>

      1.     This class action seeks to challenge Defendant's false and deceptive practices in the marketing and sale of its Sprouted Grain bagel (the "Product").

      2.     Specifically, Defendant has marketed the Product as being a "Sprouted Grain" bagel, a representation which misleads consumers into believing that sprouted grains are used as the sole, or at least primary, source of grain in the Product.

      3.     Unbeknownst to consumers however, the Product is made primarily with traditional, non-sprouted grains.

1

4.     Plaintiffs and other consumers purchased the Product and paid a premium price based upon their reliance on Defendant's advertising the Product as "Sprouted Grain." Had Plaintiffs and other consumers been aware that the Product is made primarily with traditional, non-sprouted grains, they would not have purchased the Product or would have paid significantly less for it. Accordingly, Plaintiffs and Class members have been injured by Defendant's deceptive business practices.

## JURISDICTION AND VENUE

5.     This Court has subject matter jurisdiction pursuant to the Class Action Fairness Act of 2005, 28 U.S.C. § 1332(d)(2), because this is a class action filed under Rule 23 of the Federal Rules of Civil Procedure, there are thousands of proposed Class members, the aggregate amount in controversy exceeds $5,000,000 exclusive of interest and costs, and Defendant is a citizen of a state different from at least some members of the proposed Classes, including Plaintiffs.

6.     This Court has personal jurisdiction over Defendant because Defendant has sufficient minimum contacts in New York, or otherwise intentionally avails itself of the markets within New York, through its sale of the Product and other products in New York to New York consumers.

7.     Venue is proper in this judicial District pursuant to 28 U.S.C. § 1391(b)(2) because a substantial part of the events or omissions giving rise to the claims alleged occurred in this District. Specifically, Plaintiff Schleyer resides in this District and she purchased the Product in this District.

## PLAINTIFFS

8.      Plaintiff Schleyer is a citizen of New York and currently resides in Brooklyn, New York. In 2021 and early 2022, Plaintiff Schleyer purchased the Product from Starbucks in New York, New York. Based on the in-store advertising of the Product as a "Sprouted Grain" bagel, Plaintiff Schleyer reasonably believed that sprouted grain was used as the sole, or at least primary, source of grain in the Product. Had he known that Product was made primarily with traditional, non-sprouted grains, he would not have purchased it, or would have paid significantly less for it. As such, Plaintiff Schleyer has been injured as a direct result of Defendant's conduct.

9.      Plaintiff Mishkan is a citizen of California and currently resides in Los Angeles, California. Throughout 2020 and 2021, Plaintiff Mishkan purchased the Product from a Starbucks in Beverly Hills, California and Palisades, California. Based on the in-store advertising of the Product as a "Sprouted Grain" bagel, Plaintiff Mishkan reasonably believed that sprouted grain was used as the sole, or at least primary, source of grain in the Product. Had she known that Product was made primarily with traditional, non-sprouted grains, she would not have purchased it, or would have paid significantly less for it. As such, Plaintiff Mishkan has been injured as a direct result of Defendant's conduct.

## DEFENDANT

10.      Defendant Starbucks Corporation is a Washington corporation with its principal place of business in Seattle, Washington. Defendant owns and operates one of the world's largest coffee and beverage chains, which sell coffee, tea, pastries, and other breakfast items such as the Product at issue here.

3

**FACTUAL ALLEGATIONS**

11.     Starbucks is a national coffee, tea, and pastry chain, with over 15,000 brick and mortar stores in the U.S. alone. Starbucks stores offer a variety of products, including coffees, teas, pastries, bagels, and other breakfast items.

12.     The Product challenged here is the Sprouted Grain bagel offered by Starbucks.

13.     Unfortunately for consumers, Starbucks has resorted to false and deceptive advertising to boost sales and increase profits from the Product, all at the expense of unsuspecting consumers.

14.     Specifically, Starbucks has marketed the Product with in-store advertising claiming that the Product is a "Sprouted Grain" bagel. *See example below*.



15. Based on this representation, reasonable consumers purchase the Product believing that sprouted grains, such as sprouted wheat, are used as the sole, or at least primary source of grain in the Product.

16. Unbeknownst to consumers, the Product are made primarily with traditional, non-sprouted grains.

17. The ingredients of the Product are:

**ENRICHED WHEAT FLOUR** [WHEAT FLOUR, MALTED BARLEY FLOUR, NIACIN, REDUCED IRON, THIAMINE MONONITRATE, RIBOFLAVIN, FOLIC ACID, ASCORBIC ACID (DOUGH CONDITIONER), ENZYMES], WATER, **SPROUTED WHOLE WHEAT FLOUR**, GRAIN BLEND [WHEAT SOURDOUGH (WATER, FERMENTED WHEAT FLOUR), SPROUTED WHEAT GRAINS, SPROUTED RYE GRAINS, SPROUTED TRITICALE GRAINS], SEEDS AND GRAINS BLEND [OATS, BROWN FLAX, GOLDEN FLAX, SUNFLOWER SEEDS, WHEAT], LIQUID SUGAR, MALTED BARLEY FLOUR, CONTAINS 2% OR LESS OF: SUNFLOWER SEEDS, FLAX SEEDS, WHEAT GLUTEN, SOYBEAN AND/OR CANOLA OILS, SALT, YEAST, CORNMEAL, WHEAT FLOUR, ENZYMES. CONTAINS: WHEAT.

18. As such, the advertising of the Product as "Sprouted Grain" is false and deceptive.

19. The misleading perception that sprouted grains are used as the sole, or at least primary, source of grain in the Product, is material to consumers purchasing decisions because sprouted grains are more premium and desirable than traditional non-sprouted grains. As the name suggests, sprouted grains are sprouted through a germination process prior to use in bread and other food items. As a result, sprouted grains have less starch, a lower carb count, are

easier to digest, and have a lower glycemic index than regular grains. The sprouting process also produces more key nutrients, including protein, fiber, and vitamins in the grains prior to use. Lastly, sprouting breaks down phytic acid, which normally decreases absorption of vitamins and minerals in the body. In contrast, processed white flour, which is what Starbucks primarily uses in the Product, is stripped of its nutrients, such as fiber, vitamins and minerals, and therefore has little nutritional value. As such, consumers value sprouted grains over traditional non-sprouted grains.

20.     The belief that the Product is made with sprouted grain as the sole, or at least primary source of grain in the Product is even more reasonable given that other sprouted bread products on the market, including sprouted bagels, contain primarily sprouted grain. For example, Silver Hills Organic Sprouted Power Bagels (depicted below) contain sprouted whole wheat flour as the primary grain ingredient:[1]

---

[1] https://www.target.com/p/silver-hills_-bakery-organic-sprouted-power-bagels-everything-14oz-5ct/-/A-79848809?ref=tgt_adv_XS000000&AFID=google_pla_df&fndsrc=tgtao&DFA=71700000012732781&CPNG=PLA_Grocery%2BShopping_Local%7CGrocery_Ecomm_Food_Bev&adgroup=SC_Grocery&LID=700000001170770pgs&LNM=PRODUCT_GROUP&network=g&device=c&location=9061121&targetid=aud-554348709499:pla-387040279092&ds_rl=1246978&gclid=Cj0KCQiAmaibBhCAARIsAKUlaKS1G2eibPdlFVxJhcEk-_eutEe8HNDJY1KNOYySmCK8jt-1Bu4GeAIaAi2wEALw_wcB&gclsrc=aw.ds



**Ingredients:**

Water, Organic Sprouted Whole Wheat Flour, Organic Wheat Flour, Organic Cane Sugar, Organic Sesame Seeds, Organic Minced Onion, Organic Vital Wheat Gluten, Organic Corn Meal, Organic Poppy Seeds, Yeast, Sea Salt, Cultured Wheat Flour, Organic Sunflower Oil.

21.     Another example is Alvarado St. Bakery's Sprouted Sesame Seed Bagel, which contains sprouted whole wheat as the first ingredient in the bagel:[2]



**Ingredients**

Sprouted Organic Whole Wheat Berries, Organic Unbleached Wheat Flour, Filtered Water, Organic Barley Malt, Organic Sesame Seeds, Organic Cultured Wheat Flour, Organic Vinegar, Sea Salt, Yeast, Organic Whole Wheat Flour, Enzymes, Ascorbic Acid

---

[2]https://www.instacart.com/landing?product_id=48643&retailer_id=457&utm_medium=sem_shopping&utm_source=instacart_google&utm_campaign=ad_demand_shopping_rp_food-all&utm_content=accountid-8145171519_campaignid-16692365446_adgroupid-134470738509_device-c&utm_term=targetid-pla-1391915632314&gclid=Cj0KCQiAmaibBhCAARIsAKUlaKTNe7PVngYul7iXjAe1dsKu-Y0mkjjBQ903NqdZY6g1J5_tJGSM6M0aAsByEALw_wcB

22.     Another example is Franz Organic Sprouted Grain Plan Bagel, which contains sprouted whole wheat as the first ingredient in bagel.[3]



Organic Sprouted Whole Wheat Flour, Organic Enriched Unbleached Wheat Flour (Organic Wheat Flour, Niacin, Reduced Iron, Thiamin Mononitrate, Riboflavin and Folic Acid), Water, Organic Cane Sugar, Organic Vital Wheat Gluten, Organic Soybean Oil, Contains 2% or Less of Each of the Following: Organic Distilled Vinegar, Yeast, Sea Salt, Ascorbic Acid, Cultured Wheat Flour, Enzymes.

---

[3] https://www.albertsons.com/shop/product-details.960459686.html

23.     As the entities responsible for the development, ingredients, manufacturing, advertising, and sale of the Product, Defendant knew or should have known that the Product is falsely and deceptively advertised.  Moreover, Defendant knew or should have known that Plaintiffs and other consumers, in purchasing the Product, would rely on Defendant's advertising and naming of the Product and be deceived.

24.     As outlined above, consumers are willing to pay more for the Product based on the belief that sprouted grains are used as the sole, or at least primary, source of grain in the Product. Plaintiffs and other consumers would have paid significantly less for the Product, or would not have purchased it at all, had they known that the truth about it. Thus, through the use of misleading representations, Defendant commands a price that Plaintiffs and the Classes would not have paid had they been fully informed.

25.     Therefore, Plaintiffs and other consumers purchasing the Product have suffered injury in fact and lost money as a result of Defendant's false and deceptive practices, as described herein.

## CLASS ACTION ALLEGATIONS

26.     Plaintiffs bring this class action pursuant to Fed. R. Civ. P 23 and all other applicable laws and rules, individually, and on behalf of all members of the following Classes:

**Nationwide Class**
All residents of the U.S. who purchased the Product within the applicable statute of limitation ("Nationwide Class").

**California Class**
All residents of California who purchased the Product within the applicable statute of limitation ("California Class").

**California Consumer Subclass**
All residents of California who purchased the Product for personal, family, or household purposes, within the applicable statute of limitations period ("California Consumer Subclass")

**New York Class**
All residents of New York who purchased the Product within the applicable statute of limitation ("New York Class") (together with the Nationwide Class, the California Class, and the California Consumer Subclass, the "Classes").

27.     Excluded from the Classes are the following individuals and/or entities: Defendant and its parents, subsidiaries, affiliates, officers and directors, current or former employees, and any entity in which Defendant has a controlling interest; all individuals who make a timely election to be excluded from this proceeding using the correct protocol for opting out; and all judges assigned to hear any aspect of this litigation, as well as their immediate family members.

28.     Plaintiffs reserve the right to modify or amend the definition of the proposed Classes and/or add subclasses before the Court determines whether class certification is appropriate.

29.     **Numerosity:** Members of each Class are so numerous and geographically dispersed that individual joinder of all Class members is impracticable. The precise number of Class members is unknown to Plaintiffs but is likely to be ascertained by the Defendant's records. At a minimum, there likely are at least tens of thousands of Class members.

30.     **Commonality:** There are questions of law and fact common to the proposed class(es). Common questions of law and fact include, without limitations:

            a.   whether Defendant's course of conduct alleged herein violates the statutes and other laws that are pled in this Complaint;

b.  whether reasonable consumers would rely upon the "Sprouted Grain" representation and reasonably believe the Product is made solely or at least predominantly with sprouted grain;

c.  whether Defendant knew or reasonably should have known that the "Sprouted Grain" name was false or misleading;

d.  whether Defendant was unjustly enriched by retaining monies from the sale of the Product;

e.  whether certification of each Class is appropriate under Rule 23;

f.  whether Plaintiffs and the members of each Class are entitled to declaratory, equitable, and/or other relief, and the scope of such relief; and

g.  the amount and nature of the relief to be awarded to the Plaintiffs and the Classes.

31.     **Typicality:** Plaintiffs' claims are typical of the other Class members because Plaintiffs, as well as Class members, purchased the Product. Plaintiffs and members of the Classes relied on the "Sprouted Grain" representation about the Product prior to purchasing it. Plaintiffs and the members of each Class paid for Defendant's Product and would not have purchased them (or would have paid substantially less for them) had they known that the "Sprouted Grain" representation was misleading.

32.     **Adequacy:** Plaintiffs will fairly and adequately protect the interests of the proposed Classes as their interests do not conflict with the interests of the members of the proposed Classes they seek to represent, and they have retained counsel competent and experienced in class action litigation. Thus, the interests of the members of the Classes will be fairly and adequately protected by Plaintiffs and their counsel.

33.     **Predominance:** Pursuant to Rule 23(b)(3), the common issues of law and fact identified in this Complaint predominate over any other questions affecting only individual members of the Classes. Class issues fully predominate over any individual issue because no inquiry into individual conduct is necessary; all that is required is a narrow focus on Defendant's misconduct detailed at length in this Complaint.

34.     **Superiority:** A class action is superior to all other available methods for the fair and efficient adjudication of this litigation because individual litigation of each claim is impractical. It would be unduly burdensome to have individual litigation of hundreds of thousands of individual claims in separate lawsuits, every one of which would present the issues presented in the Complaint/lawsuit. Further, because of the damages suffered by any individual Class member may be relatively modest in relation to the cost of litigation, the expense and burden of individual litigation make it difficult, if not impossible. Furthermore, many of the Class members may be unaware that claims exist against the Defendant.

### FIRST CLAIM FOR RELIEF
**Violation of New York's General Business Law § 349**
**(*For the New York Class*)**

35.     Plaintiff Schleyer repeats the allegations contained in paragraphs 1-34 above as if fully set forth herein.

36.     Plaintiff Schleyer brings this claim individually and on behalf of the members of the proposed New York Class against Defendant.

37.     New York General Business Law ("GBL") § 349 prohibits "[d]eceptive acts or practices in the conduct of any business, trade, or commerce or in the furnishing of any service in this state."

13

38.     The conduct of Defendant alleged herein constitutes "unlawful" deceptive acts and practices in violation of GBL § 349, and as such, Plaintiff Schleyer and the New York Class members seek monetary damages.

39.     Defendant misleadingly, inaccurately, and deceptively advertised and marketed its Product as "Sprouted Grain" to consumers.

40.     Defendant's improper consumer-oriented conduct—including naming and advertising the Product as "Sprouted Grain"— is misleading in a material way in that it, *inter alia*, induced Plaintiff Schleyer and the New York Class members to purchase and pay a premium for the Products when they otherwise would not have paid the same price had they known the truth. Defendant made these untrue and/or misleading statements and representations willfully, wantonly, and with reckless disregard for the truth.

41.     Plaintiff Schleyer and the New York Class members have been injured inasmuch as they paid a premium for the Product that contained primarily traditional, non-sprouted grain, contrary to the representation made about it. Accordingly, Plaintiff Schleyer and the New York Class members received less than what they bargained and/or paid for.

42.     Defendant's deceptive and misleading practices constitute a deceptive act and practice in the conduct of business in violation of New York General Business Law §349(a) and Plaintiff Schleyer and the New York Class members have been damaged thereby.

43.     As a result of Defendant's "unlawful" deceptive acts and practices, Plaintiff Schleyer and the New York Class are entitled to monetary, compensatory, statutory, treble and punitive damages, restitution and disgorgement of all moneys obtained by means of Defendant's unlawful conduct, interest, and attorneys' fees and costs.

**SECOND CLAIM FOR RELIEF**
**Violation of New York's General Business Law § 350**
(*For the New York Class*)

44.     Plaintiff Schleyer repeats the allegations contained in paragraphs 1-34 above as if fully set forth herein.

45.     Plaintiff Schleyer brings this claim individually and on behalf of the members of the proposed New York Class against Defendant.

46.     GBL § 350-a(1) provides, in part, as follows:

> The term "false advertising" means advertising, including labeling, of a commodity, or of the kind, character, terms or conditions of any employment opportunity if such advertising is misleading in a material respect.  In determining whether any advertising is misleading, there shall be taken into account (among other things) not only representations made by statement, word, design, device, sound or any combination thereof, but also the extent to which the advertising fails to reveal facts material in the light of such representations with respect to the commodity or employment to which the advertising relates under the conditions prescribed in said advertisement, or under such conditions as are customary or usual. …

47.     Defendant's naming and advertising of the Product as "Sprouted Grain" are materially misleading inasmuch as they misrepresent the Product's primary ingredients.

48.     Plaintiff Schleyer and the New York Class members have been injured inasmuch as they relied upon the naming and advertising of the Product and paid a premium for a product in that they would not have paid the same price for the Product had they known the truth about it. Accordingly, Plaintiff Schleyer and the New York Class members received less than what they bargained and/or paid for.

49.     Defendant's naming and advertising of the Product induced Plaintiff Schleyer and the New York Class members to buy Defendant's Product. Thus, Defendant made a material misrepresentation about the Product.

50.     Defendant made the misleading "Sprouted Grain" representation willfully, wantonly, and with reckless disregard for the truth.

51.     Defendant's material misrepresentation was substantially uniform in content, presentation, and impact upon consumers at large. Moreover, all consumers purchasing the Product were exposed to Defendant's material misrepresentation.

52.     As a result of Defendant's "unlawful" deceptive acts and practices, Plaintiff Schleyer and the New York Class are entitled to monetary, compensatory, statutory, treble and punitive damages, restitution and disgorgement of all moneys obtained by means of Defendant's unlawful conduct, interest, and attorneys' fees and costs.

**THIRD CLAIM FOR RELIEF**
**Violation of California's Consumers Legal Remedies Act**
**California Civil Code § 1750,** *et seq.*
**(*For the California Consumer Subclass*)**

53.     Plaintiff Mishkan repeats the allegations contained in paragraphs 1-34 above as if fully set forth herein.

54.     Plaintiff Mishkan brings this claim individually and on behalf of the members of the proposed California Consumer Subclass against Defendant.

55.     The Product is a "good" within the meaning of Cal. Civ. Code § 1761(a), and the purchases of the Product by Plaintiff Mishkan and members of the California Consumer Subclass constitute "transactions" within the meaning of Cal. Civ. Code § 1761(e).

56.     Cal. Civ. Code § 1770(a)(5) prohibits "[r]epresenting that goods or services have sponsorship, approval, characteristics, ingredients, uses, benefits, or quantities which they

do not have…" By representing the Product as a "Sprouted Grain" bagel, Defendant has represented that the Product has certain characteristics (i.e., is made solely or predominantly with sprouted grain) that it does not have. Therefore, Defendant has violated section 1770(a)(5) of the CLRA.

57.     Cal. Civ. Code § 1770(a)(7) prohibits "[r]espresenting that goods or services are of a particular standard, quality, or grade, or that goods are of a particular style or model, if they are of another." By representing the Product as a "Sprouted Grain" bagel, Defendant has represented that the Product is of a particular standard (i.e., is made solely or predominantly with sprouted grain) that it does not meet. Therefore, Defendant has violated section 1770(a)(7) of the CLRA.

58.     Cal. Civ. Code § 1770(a)(9) prohibits "[a]dvertising goods or services with intent not to sell them as advertised." By representing the Product as a "Sprouted Grain" bagel, Defendant has represented the Product with characteristics it intended not to provide to consumers. As such, Defendant has violated section 1770(a)(9) of the CLRA.

59.     At all relevant times, Defendant has known or reasonably should have known that the "Sprouted Grain" representation is misleading or likely to mislead reasonable consumers, and that Plaintiff Mishkan and other members of the California Consumer Subclass would reasonably and justifiably rely on it when purchasing the Product. Nonetheless, Defendant deceptively advertised the Product as such in order to deceive consumers into believing it is a healthier, more premium bagel.

60.     Plaintiff Mishkan and members of the California Consumer Subclass have justifiably relied on Defendant's misleading representation when purchasing the Product. Moreover, based on the materiality of Defendant's misleading and deceptive conduct, reliance

may be presumed or inferred for Plaintiff Mishkan and members of California Consumer Subclass.

61.     Plaintiff Mishkan and members of the California Consumer Subclass have suffered injuries caused by Defendant because they would have paid significantly less for the Product, or would not have purchased it at all, had they known the truth about it.

62.     Under Cal. Civ. Code § 1782, on September 27, 2022, Plaintiff Mishkan sent a notice letter by certified mail to Defendant, notifying Defendant of her intent to pursue a claim for damages under the CLRA (as well as other statutes and laws) on behalf of herself and all others similarly situated, and gave Defendant an opportunity to cure, consistent with Cal. Civ. Code § 1782. More than 30 days has passed since Defendant's receipt of the notice letter, yet Defendant has not cured it deceptive conduct on a class-wide basis. As such, Plaintiff Mishkan seeks damages under the CLRA, as well all other available remedies.

**FOURTH CLAIM FOR RELIEF**
**Violation of California's False Advertising Law**
**California Business & Professions Code § 17500**, *et seq*
(*For the California Class*)

63.     Plaintiff Mishkan repeats the allegations contained in paragraphs 1-34 above as if fully set forth herein.

64.     Plaintiff Mishkan brings this claim individually and on behalf of the members of the proposed California Class against Defendant.

65.     The FAL makes it "unlawful for any person to make or disseminate or cause to be made or disseminated before the public . . . in any advertising device . . . or in any other manner or means whatever, including over the Internet, any statement, concerning . . . personal property or services professional or otherwise, or performance or disposition thereof, which is

untrue or misleading and which is known, or which by the exercise of reasonable care should be known, to be untrue or misleading." Cal. Bus. & Prof. Code § 17500.

66. Defendant has represented to the public, including Plaintiff Mishkan and members of the proposed California Class, through its deceptive naming and advertising, that the Product is a "Sprouted Grain" bagel. However, this representation is misleading because the Product contains primarily traditional, non-sprouted grain. Because Defendant has disseminated misleading information regarding the Product, and Defendant knows, knew, or should have known through the exercise of reasonable care that the representation is false and misleading, Defendant has violated the FAL.

67. As a result of Defendant's misleading advertising, Defendant has unlawfully obtained money from Plaintiff Mishkan and members of the California Class. Plaintiff Mishkan therefore requests that the Court cause Defendant to restore this fraudulently obtained money to her and members of the proposed California Class, to disgorge the profits Defendant made on these transactions, and to enjoin Defendant from violating the FAL or violating it in the same fashion in the future as discussed herein. Otherwise, Plaintiff Mishkan and members of the proposed California Class may be irreparably harmed and/or denied an effective and complete remedy.

**FIFTH CLAIM FOR RELIEF**
**Violation of California's Unfair Competition Law ("UCL"),**
**California Business & Professions Code § 17200*, et seq.***
**(*For the California Class*)**

68. Plaintiff Mishkan repeats the allegations contained in paragraphs 1-34 above as if fully set forth herein.

69.     Plaintiff Mishkan brings this claim individually and on behalf of the members of the proposed California Class against Defendant.

70.     The UCL, Cal. Bus. & Prof Code § 17200, provides, in pertinent part, that "unfair competition shall mean and include unlawful, unfair or fraudulent business practices and unfair, deceptive, untrue or misleading advertising . . . ."

71.     Under the UCL, a business act or practice is "unlawful" if it violates any established state or federal law. Defendant's false and misleading advertising of the Product was "unlawful" because it violates the CLRA, the FAL, the GBL and other applicable laws as described herein. As a result of Defendant's unlawful business acts and practices, Defendant have unlawfully obtained money from Plaintiff Mishkan and members of the proposed California Class.

72.     Under the UCL, a business act or practice is "unfair" if its conduct is substantially injurious to consumers, offends public policy, and is immoral, unethical, oppressive, and unscrupulous, as the benefits for committing such acts or practices are outweighed by the gravity of the harm to the alleged victims. Defendant's conduct was of no benefit to purchasers of the Product, as it is misleading, unfair, unlawful, and is injurious to consumers who rely on the naming and advertising of the Product. Deceiving unsuspecting consumers into believing the Product is made solely or primarily with sprouted grain is of no benefit to consumers. Therefore, Defendant's conduct was "unfair." As a result of Defendant's unfair business acts and practices, Defendant has unfairly obtained money from Plaintiff Mishkan and members of the proposed California Class.

73.     Under the UCL, a business act or practice is "fraudulent" if it actually deceives or is likely to deceive members of the consuming public. Defendant's conduct here was

fraudulent because it has the effect of deceiving consumers into believing the Product is made solely or primarily with sprouted grain. Because Defendant has misled Plaintiff Mishkan and members of the California Class, Defendant's conduct was "fraudulent." As a result of Defendant's fraudulent business acts and practices, Defendant has fraudulently obtained money from Plaintiff Mishkan and members of the California Class.

74.    Plaintiff Mishkan requests that the Court cause Defendant to restore this unlawfully, unfairly, and fraudulently obtained money to her, and members of the proposed California Class, to disgorge the profits Defendant made on these transactions, and to enjoin Defendant from violating the UCL or violating it in the same fashion in the future as discussed herein. Otherwise, Plaintiff Mishkan and members of the proposed California Class may be irreparably harmed and/or denied an effective and complete remedy.

### SIXTH CLAIM FOR RELIEF
**Breach of Implied Warranty**
**Cal. Com. Code § 2314;**
(*For the California Class and New York Class*)

75.    Plaintiffs repeat the allegations contained in paragraphs 1-34 above as if fully set forth herein.

76.    Plaintiffs bring this claim individually and on behalf of the members of the California Class and New York Class against Defendant.

77.    California's and New York's implied warranty of merchantability statutes provide that "a warranty that the goods shall be merchantable is implied in a contract for their sale if the seller is a merchant with respect to goods of that kind."  Cal. Com. Code § 2314(1); N.Y. U.C.C. Law § 2-314(1).

78.    California's and New York's implied warranty of merchantability statutes also

provide that "[g]oods to be merchantable must be at least such as . . . (f) conform to the promises or affirmations of fact made on the container or label if any." Cal. Com. Code § 2314(2)(f); N.Y. U.C.C. Law § 2-314(2)(f).

79.     Defendant is a merchant with respect to the sale of bagel products, including the Product. Therefore, a warranty of merchantability is implied in every contract for sale of the Product to California and New York consumers.

80.     By advertising the Product with the "Sprouted Grain" representation outlined herein, Defendant has made an implied promise that the sole, or at least primary, grain in the Product is sprouted grain. However, Product has not "conformed to the promises…made on the container or label" because the Product contain primarily traditional, non-sprouted grain. Plaintiffs, as well as other consumers, did not receive the goods as impliedly warranted by Defendant to be merchantable. Therefore, the Product is not merchantable under California and New York law and Defendant has breached its implied warranty of merchantability in regard to the Product.

81.     If Plaintiffs and members of the California Class and New York Class had known that the Product was falsely and deceptively advertised, they would not have been willing to pay the premium price associated with the Product. Therefore, as a direct and/or indirect result of Defendant's breach, Plaintiffs and members of the California Class and New York Class have suffered injury and deserve to recover all damages afforded under the law.

82.     On or around September 2022, Plaintiff Mishkan discovered this breach of implied warranty, and on September 27, 2022, Plaintiff Mishkan sent a notice letter by certified mail to Defendant, on behalf of herself and all other purchasers of the Product, notifying Defendant of the breach.

## SEVENTH CLAIM FOR RELIEF
### Quasi Contract/Unjust Enrichment/Restitution
### (*for the Nationwide Class; alternatively, for the California Class and New York Class*)

83.     Plaintiffs repeat the allegations contained in paragraphs 1-34 above as if fully set forth herein.

84.     Plaintiffs bring this claim individually and on behalf of the members of the proposed Nationwide Class against Defendant. Alternatively, Plaintiffs bring this claim individually and on behalf of the members of the proposed California Class and New York Class against Defendant.

85.     As alleged herein, Defendant has intentionally and recklessly made misleading representations to Plaintiffs and members of the Classes to induce them to purchase the Products. Plaintiffs and members of the Classes have reasonably relied on the misleading representations and have not received all of the benefits promised by Defendant through the Product's representations. Plaintiffs and members of the proposed Classes have therefore been induced by Defendant's misleading and deceptive representations about the Product, and paid more money to Defendant for the Product than they otherwise would and/or should have paid.

86.     Plaintiffs and members of the proposed Classes have conferred a benefit upon Defendant as Defendant has retained monies paid to them by Plaintiffs and members of the proposed Classes.

87.     The monies received were obtained under circumstances that were at the expense of Plaintiffs and members of the proposed Classes—i.e., Plaintiffs and members of the proposed Classes did not receive the full value of the benefit conferred upon Defendant. Therefore, it is inequitable and unjust for Defendant to retain the profit, benefit, or compensation conferred upon them.

88.     As a direct and proximate result of Defendant's unjust enrichment, Plaintiffs and members of the proposed Classes are entitled to restitution, disgorgement, and/or the imposition of a constructive trust upon all profits, benefits, and other compensation obtained by Defendant from its deceptive, misleading, and unlawful conduct as alleged herein.

## **PRAYER FOR RELIEF**

**WHEREFORE**, Plaintiffs, individually and on behalf of the proposed Classes, respectfully prays for following relief:

A.     Certification of this case as a class action on behalf of the proposed Classes defined above, appointment of Plaintiffs as Class representatives, and appointment of their counsel as Class Counsel;

B.     A declaration that Defendant's actions, as described herein, violate the claims described herein;

D.     An award to Plaintiffs and the proposed Classes of restitution and/or other equitable relief, including, without limitation, restitutionary disgorgement of all profits and unjust enrichment that Defendant obtained from Plaintiffs and the proposed Classes as a result of its unlawful, unfair and fraudulent business practices described herein;

E.     An award of all economic, monetary, actual, consequential, and compensatory damages caused by Defendant's conduct;

F.     An award of nominal, punitive, and statutory damages;

H.     An award to Plaintiffs and their counsel of reasonable expenses and attorneys' fees;

I.     An award to Plaintiffs and their proposed Classes of pre and post-judgment interest, to the extent allowable; and

J.       For such further relief that the Court may deem just and proper.

## DEMAND FOR JURY TRIAL

Plaintiffs, on behalf of themselves and the proposed Classes, hereby demand a jury trial with respect to all issues triable of right by jury.

DATED: December 28, 2022                    **CUSTODIO & DUBEY, LLP**

By:  _____/s/ *Robert Abiri*_____

Robert Abiri
445 S. Figueroa Street, Suite 2520
Los Angeles, CA 90071
Telephone: (213) 593-9095
Facsimile: (213) 785-2899
abiri@cd-lawyers.com

**TREEHOUSE LAW, LLP**
Benjamin Heikali (*pro hac vice forthcoming*)
10250 Constellation Blvd., Suite 100
Los Angeles, CA 90067
Telephone: (310) 751-5948
bheikali@treehouselaw.com

*Attorneys for Plaintiffs and the Putative Class*