UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| ERIC SCHLEYER, *et al.*, *on behalf of himself and all others similarly situated*, <br> Plaintiffs, <br><br> -v- <br><br> STARBUCKS CORPORATION, <br> Defendant. | 22-CV-10932 (JPO) <br><br> OPINION AND ORDER |

J. PAUL OETKEN, District Judge:

On December 28, 2022, Plaintiffs commenced this putative class action against Starbucks

Corporation ("Starbucks"), alleging violations of New York General Business Law § 349 and

§ 350; the California Consumers Legal Remedies Act, Cal. Civ. Code § 1750, *et seq.*; California

Business & Professions Code § 17500, *et seq.* (the "California False Advertising Law"); and the

California Business & Professions Code § 17200, *et seq.* ("the California Unfair Competition

Law"), as well as breach of implied warranty and unjust enrichment under New York and

California law.  Plaintiffs Eric Schleyer and Emilyn Mishkan allege that they purchased

Starbucks's "sprouted grain" bagels in separate retail locations believing the bagels' primary

grain ingredient to be sprouted grain, when, in fact, the bagel's primary grain source is

traditional, unsprouted grain.  Pending before the Court is Starbucks's motion to dismiss the

complaint.  For the reasons that follow, that motion is granted in part and denied in part.

## I.      Background

### A.      Factual Background

The following facts are drawn from the Complaint and are assumed true for purposes of

the motion to dismiss.

Plaintiff Eric Schleyer is a New York citizen, and Plaintiff Emilyn Mishkan is a California citizen.  (ECF No. 1 ("Compl.")  ¶¶ 8-9.)  Starbucks is a national coffee, tea, and pastry chain with over 15,000 brick and mortar stores across the country.  (Compl. ¶ 11.)  Plaintiffs allege that Starbucks has used "false and deceptive advertising to boost sales and increase profits" by falsely labelling bagels as "sprouted grain" bagels in its in-store display cases.  (Compl. ¶¶ 13-14.)  Based on Starbucks's representations, Schleyer and Mishkan believed that sprouted grains "are used as the sole, or at least primary source of grain" in the bagels when, in fact, they are made primarily with traditional, non-sprouted grains.  (Compl. ¶ 15-16.)

Plaintiffs allege that Starbucks's misrepresentation is material to a reasonable consumer because "consumers value sprouted grains over traditional non-sprouted grains" due to the greater nutritional value and health benefits of sprouted grains.  (Compl. ¶ 19.)  Plaintiffs claim they would have paid significantly less for the bagels, or would not have purchased them at all, had they known their primary grain ingredient is traditional, unsprouted grain.  (Compl. ¶ 24.)

### B.    Procedural History

On behalf of himself and the members of the proposed New York Class, Schleyer alleges that Starbucks's sale of the bagels violated Sections 349 and 350 of the New York General Business Law ("GBL").  Similarly, Mishkin sues on behalf of herself and the proposed California Class, alleging that Starbucks violated a variety of similar California consumer protection statutes.  Specifically, Mishkan brings claims under the California Consumers Legal Remedies Act (the "CLRA") Cal. Civ. Code §§ 1750 et seq., Unfair Competition Law (the "UCL"), Cal. Bus. & Prof. Code §§ 17200 et seq., and the California False Advertising Law (the "FAL"), Cal. Bus. & Prof. Code §§ 17500 et seq.  Like New York's consumer protection statutes, the FAL and provisions of the CCLRA prohibit "untrue and misleading" advertising and misrepresenting a product's characteristics.  *See* Cal. Bus. & Prof. Code § 17500 (FAL); Cal.

Civ. Code §§ 1770(a)(5), (a)(7), (a)(9) (CCLRA).  The UCL prohibits "any unlawful, unfair or fraudulent business act or practice and unfair, deceptive, untrue or misleading advertising," including any underlying FAL violation.  Cal. Bus. & Prof. Code § 17200.

Both named Plaintiffs also assert common law claims of unjust enrichment individually and on behalf of a proposed nationwide class.  Alternatively, the named Plaintiffs assert unjust enrichment claims individually and on behalf of the proposed New York and California classes under New York and California law, respectively.  (Compl. ¶¶ 83-88).

On February 28, 2023, Starbucks moved to dismiss all the above claims pursuant to Federal Rule of Civil Procedure 12(b)(6) or, alternatively, to strike Plaintiffs' nationwide class allegations pursuant to Federal Rule of Civil Procedure 12(f).  (ECF No. 22.)

## II.    Legal Standard

To survive a motion to dismiss under Rule 12(b)(6), a plaintiff must plead "enough facts to state a claim to relief that is plausible on its face."  *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007).  A complaint need not contain "detailed factual allegations," but it must offer something "more than an unadorned, the-defendant-unlawfully-harmed-me accusation." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (internal citation omitted).  A plaintiff must plead "factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged."  *Id.* (citing *Twombly*, 550 U.S. at 556).  In resolving a motion to dismiss, "the court must accept as true all well-pled factual allegations in the complaint and draw all reasonable inferences in the plaintiff's favor."  *Doe v. Indyke*, 457 F. Supp. 3d 278, 282 (S.D.N.Y. 2020) (citing *Steginsky v. Xcelera Inc.*, 741 F.3d 365, 368 (2d Cir. 2014)).

### III.     Discussion

The Court first addresses Plaintiffs' New York GBL claims.  It then turns to Plaintiffs' various theories of consumer protection liability under California statutory law.  The Court concludes by addressing Plaintiffs' common-law claims.

### A.     New York General Business Law Sections 349 and 350 Claims

Section 349 of the GBL provides a cause of action for any person injured by "[d]eceptive acts or practices in the conduct of any business, trade or commerce or in the furnishing of any service."  N.Y. Gen. Bus. Law § 349(a), (h).  Section 350 prohibits "[f]alse advertising in the conduct of any business, trade or commerce or in the furnishing of any service in this state."  N.Y. Gen. Bus. Law § 350.  "To successfully assert a claim under either section, 'a plaintiff must allege that a defendant has engaged in (1) consumer-oriented conduct that is (2) materially misleading and that (3) plaintiff suffered injury as a result of the allegedly deceptive act or practice.'"  *Orlander v. Staples, Inc.*, 802 F.3d 289, 300 (2d Cir. 2015) (quoting *Koch v. Acker, Merrall & Condit Co.*, 18 N.Y.3d 940, 952 (2012)).  Materially misleading conduct encompasses acts "'likely to mislead a reasonable consumer acting reasonably under the circumstances.'"  *Cohen v. J.P. Morgan Chase & Co.*, 498 F.3d 111, 126 (quoting *Oswego Laborers' Local 214 Pension Fund v. Marine Midland Bank*, 85 N.Y.2d 20, 26 (1995).  "It is well settled that a court may determine as a matter of law that an allegedly deceptive advertisement would not have misled a reasonable consumer," *Fink v. Time Warner Cable*, 714 F.3d 739, 741 (2d Cir. 2013) (citation omitted), but "this inquiry is generally a question of fact not suited for resolution at the motion to dismiss stage." *Duran v. Henkel of Am., Inc.*, 450 F. Supp. 3d 337, 346 (S.D.N.Y. 2020) (collecting cases).  Starbucks contests only the second and third elements of the standard articulated in *Orlander*.

### 1.   Materially Misleading

In order to determine whether packaging is materially misleading, the relevant question is whether a "significant portion of the general consuming public or of targeted consumers, acting reasonably in the circumstances, could be misled." *Jessani v. Monini N. Am. Inc.*, 744 F. App'x 18, 19 (2d Cir. 2018) (summary order) (quotation marks and citation omitted).  "[P]laintiffs must do more than plausibly allege that a label might conceivably be misunderstood by some few consumers." *Id*. (internal quotations marks and citation omitted).  "[I]n determining whether a reasonable consumer would have been misled by a particular advertisement, context is crucial." *Fink*, 714 F.3d at 742.  Therefore, courts "consider the challenged advertisement as a whole, including disclaimers and qualifying language." *Mantikas v. Kellogg Co.*, 910 F.3d 633, 636 (2d Cir. 2018).  This is an objective test.  *See Nick's Garage, Inc. v. Progressive Casualty Ins. Co.*, 875 F.3d 107, 124 (2d. Cir. 2017).  In certain cases, whether a product's packaging is materially misleading can be determined as a matter of law.  *Izquierdo v. Panera Bread Co.*, 450 F. Supp. 3d 453, 461-62 (S.D.N.Y. 2020).

Viewing the bagels' label in context, the Court concludes that Schleyer has plausibly alleged that a reasonable consumer would likely be misled into believing that the bagels' primary grain source is sprouted grain, when the bagels are allegedly composed primarily of unsprouted grain.

It is materially misleading to imply that a product contains a greater proportion of a preferred ingredient than it really does.  *See Mantikas*, 910 F.3d at 638-39.  In *Mantikas*, a Cheez-Its box was labeled "WHOLE GRAIN" and "MADE WITH WHOLE GRAIN," while the crackers were primarily made with enriched white flour.  *Id*. at 636-37.  The Second Circuit held that the box was materially misleading "because [it] falsely impl[ied] that the grain content is entirely or at least predominantly whole grain, whereas in fact, the grain component consisting of

enriched white flour substantially exceeds the whole grain portion." *Id*. at 637.  Here, as in

*Mantikas*, the "sprouted grain" label falsely implies that the bagels' grain content is entirely or at

least predominantly sprouted grain when, taking the allegations in the complaint as true, its

primary grain source is unsprouted grain.

Starbucks argues that Schleyer's claim is without basis because the bagels contain at least

four sprouted grain ingredients.  (ECF No. 23 at 14-16).  Starbucks's argument fails because a

statement can be misleading even if the product does, in fact, contain the specified ingredient.

*Mantikas*, 910 F.3d at 638-39.  In *Mantikas*, the Second Circuit held that the "whole grain" label

on the cracker product was misleading even though its second or third ingredient was whole

wheat because the predominant grain was white flour.  *Id*. at 638.  The court reasoned that to

hold otherwise "would permit Defendant to lead consumers to believe its Cheez-Its were made of

whole grain so long as the crackers contained an iota of whole grain, along with 99.999% white

flour."  *Id*.; *see also Izquierdo*, 450 F. Supp. 3d at 461-62 (determining that a bagel labeled

"blueberry" could materially mislead consumers where the bagel primarily contained artificial

blueberry flavoring, even though the bagel did contain some real blueberry).  Likewise, here, it

could be materially misleading to label a bagel "sprouted grain" if it contained a large portion of

unsprouted grain and only trace amounts of sprouted grain.  Thus, Starbucks's argument that its

bagels actually contain sprouted grain does not warrant dismissal of Schleyer's claims.

Starbucks next argues that, where there is ambiguity in the bagel's grain source,

"such confusion is sufficiently dispelled by the ingredients [list]."  (ECF No. 23 at 15 (quoting

*Wallace v. Wise Foods, Inc.*, No. 20-CV-6831 (JPO), 2021 WL 3163599, at *2 (S.D.N.Y. July

26, 2021)).).  However, a product's ingredient list does not overcome misleading labeling.

Rather, the Second Circuit has held that "reasonable consumers should [not] be expected to look

beyond misleading representations on the front of the box to discover the truth from the ingredient list in small print on the side of the box." *Mantikas*, 910 F.3d at 637 (quotation marks and citation omitted). Furthermore, consumers purchasing a loose bagel in a store are less likely to have access to a separate ingredient list, and therefore the ingredient list is less likely to dispel any confusion about the product's ingredients. *See Izquierdo*, 450 F. Supp. 3d at 463 (holding a label was plausibly misleading where the ingredient list was available on a store's website because "there are no allegations that a customer purchasing the Bagel in-store would have ready access to an ingredients list prior to making a purchase."). Therefore, Starbucks's argument that the bagels' nutritional information is accurately stated on an ingredient list does not serve as grounds for dismissal of Plaintiffs' complaint.

Starbucks also argues that it did not materially mislead consumers because it did not make any positive representations about the bagel's ingredients. (*See* ECF No. 23 at 16 ("Nothing in the complaint suggests Starbucks made any representations about the amount of sprouted grain in the Product or its nutritional benefits.").). However, "the absence of those words is not dispositive." *Campbell v. Whole Foods Mkt. Grp., Inc.*, 516 F. Supp. 3d 370, 382 (S.D.N.Y. 2021). In *Campbell*, the court found that the label "Honey Graham Crackers" alone could mislead a reasonable consumer to believe that the crackers were made with whole grains and honey — when in fact they were made with the less desirable ingredients of non-whole grain flour and sugar. *Id.* at 383. Here, as in *Campbell*, the label "sprouted grain" is a reference to the bagels' composition. Therefore, "it is reasonable to infer that a reasonable consumer would construe the reference to [sprouted grain] . . . as something that the [bagels] are made with — even if the words 'made with'" are absent. *Id*. Thus, the bagels' name alone may mislead a

reasonable consumer to believe they contain a higher proportion of sprouted grains than they actually do.

In support of its argument, Starbucks points to this Court's decision in *Wallace*, 2021 WL 3163599, at *1.  (ECF No. 23 at 13, 15, 16).  However, that case, which involved potato chips labeled as "Cheddar & Sour Cream Flavored," *see id*. at *2, is distinguishable.  In *Wallace*, this Court determined that "[a] reasonable consumer would not make broad assumptions about the chips' ingredients based on the representation that they are cheddar and sour cream *flavored*." *Id*.  Here, the packaging could be understood to advertise sprouted grain as an ingredient, not just flavoring, because the packaging did not caveat its "sprouted grain" representation with language informing the consumer that it was merely flavored as sprouted grain.

Finally, Starbucks contends that Plaintiffs have failed to provide adequate empirical evidence showing that naming its bagels "sprouted grain" would mislead a reasonable consumer. (ECF No. 23 at 19.)  However, such fact-intensive disputes are not appropriate for resolution at the motion-to-dismiss stage.  *See Stevens v. Walgreen Co.*, 623 F. Supp. 3d 298, 305 (S.D.N.Y. 2022).

### 2.     Injury

Starbucks next disputes that Plaintiffs have plausibly alleged actual injury.  (ECF No. 23 at 20-21.)  Schleyer alleges that he would have paid significantly less for the bagel or would not have purchased it at all absent the alleged misrepresentation "because sprouted grains are more premium and desirable than traditional non-sprouted grains."  (Compl. ¶ 19.)  Schleyer's allegation is a plausible and cognizable price premium theory of injury.  *See Izquierdo*, 450 F. Supp. 3d at 466 ("Within this framework, Plaintiff's contention that the Bagel had significantly less value than it warranted, constitutes a classic price premium theory of injury that is plausible and cognizable.") (internal citations and quotation marks omitted); *Pichardo v. Only What You*

*Need, Inc.*, No. 20-CV-493 (VEC), 2020 WL 6323775, at *6 (S.D.N.Y. Oct. 27, 2020) (injury sufficiently pleaded where plaintiffs "alleged that they would not have purchased the product or been willing to pay as much had they known the true facts" about the product).

Starbucks also argues that Schleyer's argument falters because Starbucks sells other bagels, including plain, everything, and cinnamon raisin bagels, for the same price as its sprouted grain variety.  (ECF No. 23 at 21.)  Starbucks's argument assumes that the appropriate comparator products for the bagels are other Starbucks bagels.  In actuality, Schleyer compares the bagels to other "sprouted grain bagels," which he alleges "contain primarily sprouted grain."  (*E.g.*, Compl. ¶ 20-22.)  The Court in *Izquierdo* recognized a cognizable price premium theory of injury even though Panera sold blueberry and non-blueberry bagels for the same price because the appropriate comparator products for Panera's blueberry bagel were blueberry bagels from other retailers.  450 F. Supp. 3d at 465; *see also Smith v. Keurig Green Mountain, Inc.*, 393 F. Supp. 3d 837, 844 (N.D. Cal. 2019) ("[T]hat Keurig's recyclable and non-recyclable pods cost the same does not negate Plaintiff's alleged injury, as the price of Keurig brand substitutes does not change that Plaintiff alleges she paid more for the Pods than she otherwise would because she thought they were recyclable.").  Therefore, Starbucks's argument fails.

Schleyer has adequately pleaded a materially misleading statement and injury.  Starbucks's motion to dismiss the GBL Section 349 and 350 claims is denied.

### B.    California Claims under FAL, CLRA, and UCL

The California CLRA, UCL, and FAL are "governed by the 'reasonable consumer test.'"  *Williams v. Gerber Prod. Co.*, 552 F.3d 934, 938 (9th Cir. 2008) (citation omitted).  Under this standard, plaintiffs must plausibly allege that "members of the public are likely to be deceived."  *Freeman v. Time, Inc.*, 68 F.3d 285, 289 (9th Cir. 1995).  Like the Second Circuit, the Ninth Circuit considers a deceptive advertising claim under the totality of the

circumstances.  *See Moore v. Trader Joe's Co.*, 4 F.4th 874, 882 (9th Cir. 2021) ("[D]eceptive advertising claims should take into account all the information available to consumers and the context in which that information is provided.") (internal citation omitted).

For the reasons explained above, Plaintiffs plausibly allege that the bagel's "sprouted grain" label could mislead a significant portion of the general consuming public into believing that the bagel is made "solely" or "primarily" of sprouted grain.  Like the Second Circuit, the Ninth Circuit has held that manufacturers may not "mislead consumers and then rely on the ingredient list to correct those misinterpretations and provide a shield for liability for the deception."  *Williams*, 552 F.3d at 939.  Thus, with Plaintiffs' allegations taken as true, Starbucks's ingredient list does not cure its misrepresentation.

Starbucks points to *Martinez v. Mead Johnson & Co.,* No. 22-CV-213 (JWH) (SHK), 2022 WL 15053334 (C.D. Cal. Oct. 22, 2022), in support of its position.  (ECF No. 23 at 18.) *Martinez* granted a motion to dismiss where a consumer relied on packaging that labelled baby formula as "milk-based" to expect that milk was a product's primary ingredient by weight.  2022 WL 15053334, at *5.  However, in *Martinez*, the court followed FDA guidelines that the term "milk-based" is a proper way to "identify characterizing ingredients."  *Id.* *6.  In this case, Starbucks did not use the phrase "sprouted-grain *based*" — it simply labeled the bagel "sprouted grain."  As discussed above, the name "sprouted grain," with no other context clues, may mislead consumers to believe that its primary ingredient was sprouted grain.

## C.    Additional Claims Under New York and California Law

### 1.    New York Common-Law Claims

*First,* breach of implied warranty.  Plaintiffs also bring a claim for breach of implied warranty of merchantability under N.Y. U.C.C. Law § 2-314(1).  Under New York Law, the "implied warranty of merchantability is a guarantee by the seller that its goods are fit for the

intended purpose for which they are used and that they will pass in the trade without objection." *Caronia v. Philip Morris USA, Inc.*, 715 F.3d 417, 433 (2d Cir. 2013).  Starbucks alleges that "[b]ecause Plaintiffs have failed to plausibly allege that the Product's labeling would be likely to deceive or mislead a reasonable consumer," the claim for breach of implied warranty "must also be dismissed."  (ECF No. 23 at 21.)  As discussed above, however, the Plaintiffs have plausibly alleged that Starbucks's representations could mislead a reasonable consumer.  Because Starbucks makes no further arguments on this point, the claim for breach of implied warranty survives.

   *Second,* quasi-contract and/or unjust enrichment.  Plaintiffs bring a claim for unjust enrichment on the theory that "it is inequitable and unjust for Defendant to retain the profit, benefit, or compensation conferred upon them," based on the allegedly false "sprouted grain" label.  (Compl. ¶ 87.)  To sufficiently plead unjust enrichment under New York law, a plaintiff must allege that "(1) the defendant was enriched, (2) at the expense of the plaintiff, and (3) . . . it would be inequitable to permit the defendant to retain that which is claimed by the plaintiff."  *Koenig v. Boulder Brands, Inc.*, 995 F. Supp. 2d 274, 290 (S.D.N.Y. 2014) (citation omitted).  "[A]n unjust enrichment claim cannot survive 'where it simply duplicates, or replaces, a conventional contract or tort claim.'"  *Id.* at 290 (quoting *Corsello v. Verizon N.Y., Inc.*, 18 N.Y.3d 777, 790 (2012)); *see also, e.g., Sitt v. Nature's Bounty, Inc.*, No. 15-CV-4199 (MKB), 2016 WL 5372794, at *18 (E.D.N.Y. Sept. 26, 2016) (dismissing an unjust enrichment claim because "Plaintiff's unjust enrichment claim is based on the same allegations as those set forth in support of her other New York claims" including violations of GBL sections 349 and 350); *Colpitts v. Blue Diamond Growers*, 527 F. Supp. 3d 562, 592 (S.D.N.Y. 2021) ("Plaintiff's unjust enrichment claim must be dismissed because it merely duplicates his other claims.").

Plaintiffs' unjust enrichment claims under New York law are dismissed as duplicative.  Plaintiffs rely on the same factual allegations and theory of liability as their claims arising under the New York consumer protection statutes.  Therefore, "the unjust enrichment claim is a mere repackaging of [Plaintiffs'] other claims based on the alleged misrepresentations on the Product's packaging."  *Campbell*, 516 F. Supp. 3d at 394 (S.D.N.Y. 2021).

### 2.     California Common-Law Claims

*First,* breach of implied warranty.  Mishkan's claim for breach of implied warranty of merchantability survives.  Starbucks asserts that Mishkan's claim fails because she fails to explain how the bagels lack "even the most basic degree of fitness for ordinary use."  (ECF No. 23 at 25) (citing *Viggiano v.  Hansen Nat. Corp.*, 944 F. Supp. 2d 877, 896 (C.D. Cal. 2013).)  To state a claim for breach of implied warranty of merchantability under California law, plaintiffs may allege that a product is not fit for its ordinary purpose *or* that it "do[es] not conform to the promises or affirmations contained on the container or label."  *Martinez v. Metabolife Int'l, Inc.,* 113 Cal. App. 4th 181, 189 (2003).  For example, in *White v. Kroger Co.*, a plaintiff "adequately alleged breach of the implied promise" that sunscreen was "reef friendly" even though the sunscreen was fit for ordinary use.  No. 21-CV-08004 (RS), 2022 WL 888657, at *3 (N.D. Cal. Mar. 25, 2022).  Regardless of whether the bagels are fit for ordinary use, Mishkan has adequately pleaded that the bagels do not conform to the label's promise that the bagel's primary ingredient is "sprouted grain."

*Second,* quasi-contract and/or unjust enrichment.  The California claim for unjust enrichment survives.  Mishkan's factual allegations and cause of action in her unjust enrichment claim are duplicative of her claims under the FAL.  Under California law, there is no standalone cause of action for "unjust enrichment."  Rather, it is synonymous with a quasi-contract claim seeking restitution.  *Durell v. Sharp Healthcare*, 183 Cal. App. 4th 1350, 1370

(2010).  However, because restitution is a recognized "theory underlying a claim that a defendant has been unjustly conferred a benefit 'through mistake, fraud, coercion, or request,'" *Astiana v. Hain Celestial Grp., Inc.*, 783 F.3d 753, 762 (9th Cir. 2015) (quoting 55 Cal. Jur.3d Restitution § 2), the remedy for which is "typically sought in a quasi-contract cause of action," *id.*, "a court may 'construe the cause of action [for unjust enrichment] as a quasi-contract claim seeking restitution.'" *Id.* (quoting *Rutherford Holdings, LLC v. Plaza Del Rey*, 223 Cal.App. 4th 221, 231 (2014)).  "[T]hat an unjust enrichment claim may be 'nonsensical because it was duplicative of or superfluous to' a plaintiff's other claims is not grounds for [dismissal]."  *Romero v. Flowers Bakeries, LLC*, No. 14-CV-05189-BLF, 2015 WL 2125004, at *9 (N.D. Cal. May 6, 2015) (quoting Fed. R. Civ. P. 8(d)(2)).

Starbucks argues that Mishkan's unjust enrichment claim should be dismissed because "Plaintiffs allege that the parties' relationship is governed by an implied contract . . .  rendering unjust enrichment or an award of restitution inapplicable."  (ECF No. 23 at 26 (internal citation omitted).)  However, following the Ninth Circuit's holding that plaintiffs may plead unjust enrichment in the alternative, Mishkan's other California state law claims do not bar her from bringing a claim for unjust enrichment.  Therefore, Mishkan's California claim for unjust enrichment survives.

### D.    Nationwide Class

In the alternative, Starbucks moves to strike Plaintiffs' nationwide class allegations under Federal Rules of Civil Procedure 12(f), 23(d), and 23(c).  (ECF No. 23 at 28-31.)  The crux of Starbucks's argument is that Plaintiffs' proposed class is not practicable, given the variance in state consumer protection statutes and common law causes of action for unjust enrichment.  This argument, which implicates the question of predominance, is premature and is therefore reserved for the class certification stage.  *See, e.g.*, *Kelly v. Beliv LLC*, 2022 WL 16836985, at *7

(S.D.N.Y. Nov. 9, 2022) ("The question of whether Plaintiff will be able to represent members of a multi-state class and whether the putative multi-state class otherwise satisfies the standards of Federal Rule of Civil Procedure 23 will have to await a motion for class certification.").

Accordingly, Starbucks's motion to dismiss Plaintiffs' claims of violations of N.Y. Gen. Bus. L. §§ 349, 350, and 350-a(1) is denied.  The motion to dismiss Plaintiffs' claims of violations of California Laws CLRA, FAL, UCL, and California common-law unjust enrichment is also denied.  However, the unjust enrichment claims under New York law are dismissed.

## IV.   Conclusion

For the foregoing reasons, Starbucks's motion to dismiss is GRANTED in part and DENIED in part.

Starbucks shall file an answer within 21 days of the date of this opinion and order.

The Clerk of Court is respectfully directed to close the motion at Docket Number 22.

SO ORDERED.

Dated:  September 12, 2023
         New York, New York

_____
            J. PAUL OETKEN
      United States District Judge