UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| ERIC SCHLEYER and EMILYN MISHKAN, on behalf of themselves and all others similarly situated,<br><br>    Plaintiffs,<br><br>  v.<br><br>STARBUCKS CORPORATION,<br><br>    Defendant. | Case No. 22-cv-10932-DEH<br><br>Hon. Dale E. Ho, U.S.D.J.<br><br>**STIPULATED CONFIDENTIALITY AGREEMENT AND PROTECTIVE ORDER** |

DALE E. HO, U.S. District Judge:

  WHEREAS, all of the parties to this action (collectively, the "Parties" and each individually, a "Party") request that this Court issue a protective order pursuant to Federal Rule of Civil Procedure 26(c) to protect the confidentiality of nonpublic and competitively sensitive information that they may need to disclose in connection with discovery in this action;

  WHEREAS, the Parties, through counsel, agree to the following terms; and

  WHEREAS, this Court finds that good cause exists for issuance of an appropriate confidentiality order governing this action;

  IT IS HEREBY ORDERED that the Parties to this action, their respective officers, agents, servants, employees, and attorneys, any other person in active concert or participation with any of the foregoing, and all other persons with actual notice of this Order will adhere to the following terms, upon pain of contempt:

  1. With respect to "Discovery Material" (i.e., information of any kind produced or disclosed in the course of discovery in this action) that a person has designated as "Confidential" or "Highly Confidential" pursuant to this Order, no person subject to this Order may disclose such

Confidential or Highly Confidential Discovery Material to anyone else except as expressly permitted hereunder.

2. The Party or person producing or disclosing Discovery Material (each, "Producing Party") may designate as "Confidential" non-public documents, materials, and testimony the disclosure of which would, in the good faith judgment of the Producing Party or, as appropriate, non-party designating the material as Confidential, be detrimental to the conduct of that Party's or non-party's business or the business of any of that Party's or non-party's customers, suppliers or clients.

3. A Producing Party may designate as "Highly Confidential" documents, materials, and testimony that are of such a private, sensitive, competitive, or proprietary nature, including but not limited to, documents, materials, and testimony that contain trade secrets, proprietary business information or competitively sensitive information, that disclosure to persons other than those identified in paragraph 9 below would, in the good faith judgment of the Producing Party, reasonably be expected to cause irreparable harm or materially impair the legitimate competitive position or interests of the Producing Party or any of that Party's or non-party's customers, suppliers, or clients.

4. With respect to the Confidential or Highly Confidential portion of any Discovery Material other than deposition transcripts and exhibits, the Producing Party or its counsel may designate such portion as "Confidential" or "Highly Confidential" by stamping or otherwise clearly marking as "Confidential" or "Highly Confidential" the protected portion in a manner that will not interfere with legibility or audibility.

5. A Producing Party or its counsel may designate deposition exhibits or portions of deposition transcripts as Confidential or Highly Confidential Discovery Material either by:

(a) indicating on the record during the deposition that a question calls for Confidential or Highly Confidential information, in which case the reporter will bind the transcript of the designated testimony in a separate volume and mark it as "Confidential Information Governed by Protective Order" or "Highly Confidential Governed by Protective Order," or (b) notifying the reporter and all counsel of record, in writing, within 30 days after the reporter notifies the Parties that the transcript of the deposition is available, of the specific pages and lines of the transcript that are to be designated "Confidential" or "Highly Confidential," in which case all counsel receiving the transcript will be responsible for marking the copies of the designated transcript in their possession or under their control as directed by the Producing Party or that person's counsel. Until 30 days have passed since the reporter notified the Parties that the transcript of the deposition is available, all Parties will treat the entire deposition transcript as if it had been designated Highly Confidential.

6. If at any time before the termination of this action a Producing Party realizes that it should have designated as Confidential or Highly Confidential some portion(s) of Discovery Material that it previously produced without designation, the Producing Party may so designate such material by notifying all Parties in writing. Thereafter, all persons subject to this Order will treat such designated portion(s) of the Discovery Material as Confidential or Highly Confidential, as designated. In addition, the Producing Party shall provide each other Party with replacement versions of such Discovery Material that bears the "Confidential" or "Highly Confidential" designation within ten business days of providing such notice.

7. Nothing contained in this Order will be construed as: (a) a waiver by a Party or person of its right to object to any discovery request; (b) a waiver of any privilege or protection; or (c) a ruling regarding the admissibility at trial of any document, testimony, or other evidence.

8.      Where a Producing Party has designated Discovery Material as Confidential, except with the prior written consent of the Producing Party or by Order of the Court, other persons subject to this Order may disclose such information only to the following persons:

(a)     the Parties to this action, their insurers, and counsel to their insurers;

(b)     counsel retained specifically for this action, including any paralegal, clerical, or other assistant that such outside counsel employs and assigns to this matter;

(c)     outside vendors or service providers (such as copy-service providers and document-management consultants) that counsel hire and assign to this matter;

(d)     any mediator or arbitrator that the Parties engage in this matter or that this Court appoints, provided such person has first executed a Non-Disclosure Agreement in the form annexed as Exhibit A hereto;

(e)     as to any document, its author, its addressee, and any other person indicated on the face of the document as having received a copy and the Producing Party of the document;

(f)     any witness who counsel for a Party in good faith believes may be called to testify at trial or deposition in this action, provided such person has first executed a Non-Disclosure Agreement in the form annexed as Exhibit A hereto;

(g)     any person a Party retains to serve as an expert witness or otherwise provide specialized advice to counsel in connection with this action, provided such person has first executed a Non-Disclosure Agreement in the form annexed as Exhibit A hereto;

(h)     stenographers engaged to transcribe depositions the Parties conduct in this action; and

    (i)        this Court, including any appellate court, its support personnel, and court reporters.

    9.        Where a Producing Party has designated Discovery Material as Highly Confidential, except with the prior written consent of the Producing Party or by Order of the Court, Highly Confidential Discovery Material shall not be furnished, shown or disclosed to any person or entity except to those identified in paragraph 8(b)–(e) and 8(g)–(i).

    10.        Before disclosing any Confidential or Highly Confidential Discovery Material to any person referred to in subparagraphs 8(d), 8(f), or 8(g) above, counsel must provide a copy of this Order to such person, who must sign a Non-Disclosure Agreement in the form annexed as Exhibit A hereto stating that he or she has read this Order and agrees to be bound by its terms. Said counsel must retain each signed Non-Disclosure Agreement, and produce it to opposing counsel either before such person is permitted to testify (at deposition or trial) or at the conclusion of the case, whichever comes first. In regards to testifying expert witnesses signing Exhibit A under subparagraph 8(f), the Parties shall not be obligated to produce the signed Exhibit A before their respective deadlines for submitting expert reports.

    11.        This Order binds the Parties and certain others to treat as Confidential or Highly Confidential any Discovery Materials so classified. The Court has not, however, made any finding regarding the confidentiality of any Discovery Materials, and retains full discretion to determine whether to afford confidential treatment to any Discovery Material designated as Confidential or Highly Confidential hereunder.

    12.        A party seeking to file with the Court documents containing or attaching Confidential or Highly Confidential Discovery Material should seek to do so under seal and/or with the Confidential or Highly Confidential Discovery Material redacted, even if they are not the party who designated the information as such. In so doing, the party must comply with the Court's

rules and electronic docketing procedures for filing motions for leave to file under seal. To the extent possible, the Parties agree to confer in advance of filings in the Court record to determine if some measure less restrictive than filing the document under seal may serve to provide adequate protection. The Parties shall limit the filing of Confidential or Highly Confidential Discovery Material to only those materials necessary to advance their cause and will avoid filing such materials in the public record to the extent possible while prosecuting or defending their legal positions.

13. Any Party who objects to any designation of confidentiality may at any time before the trial of this action serve upon counsel for the Producing Party a written notice stating with particularity the grounds of the objection. If the Parties cannot reach agreement promptly, counsel for all affected Parties will address their dispute to this Court in accordance with this Court's Individual Practices and the Local Civil Rules for the Southern District of New York.

14. Any Party who requests additional limits on disclosure may at any time before the trial of this action serve upon counsel for the recipient Parties a written notice stating with particularity the grounds of the request. If the Parties cannot reach agreement promptly, counsel for all affected Parties will address their dispute to this Court in accordance with this Court's Individual Rules of Practice in Civil Cases and the Local Civil Rules for the Southern District of New York.

15. Recipients of Confidential and Highly Confidential Discovery Material under this Order may use such material solely for the prosecution and defense of this action and any appeals thereto, and not for any other purpose or in any other litigation proceeding. Nothing contained in this Order, however, will affect or restrict the rights of any Party with respect to its own documents or information produced in this action.

16. Nothing in this Order will prevent any Party from producing any Confidential or Highly Confidential Discovery Material in its possession in response to a lawful subpoena or other compulsory process, or if required to produce by law or by any government agency having jurisdiction, provided that such Party gives written notice to the Producing Party as soon as reasonably possible, and if permitted by the time allowed under the request, at least 10 days before any disclosure. Upon receiving such notice, the Producing Party will bear the burden to oppose compliance with the subpoena, other compulsory process, or other legal notice if the Producing Party deems it appropriate to do so.

17. Each person who has access to Discovery Material designated as Confidential or Highly Confidential pursuant to this Order must take all due precautions to prevent the unauthorized or inadvertent disclosure of such material.

18. Within 60 days of the final disposition of this action—including all appeals—all recipients of Confidential or Highly Confidential Discovery Material must either return it—including all copies thereof—to the Producing Party, or destroy such material—including all copies thereof. In either event, by the 60-day deadline, the recipient must certify its return or destruction by submitting a written certification to the Producing Party that affirms that it has not retained any copies, abstracts, compilations, summaries, or other forms of reproducing or capturing any of the Confidential or Highly Confidential Discovery Material. Notwithstanding this provision, the attorneys that the Parties have specifically retained for this action may retain an archival copy of all pleadings, motion papers, transcripts, expert reports, legal memoranda, correspondence, or attorney work product, even if such materials contain Confidential or Highly Confidential Discovery Material. Any such archival copies that contain or constitute Confidential or Highly Confidential Discovery Material remain subject to this Order.

19. This Order will survive the termination of the litigation and will continue to be binding upon all persons subject to this Order to whom Confidential or Highly Confidential Discovery Material is produced or disclosed.

20. This Court will retain jurisdiction over all persons subject to this Order to the extent necessary to enforce any obligations arising hereunder or to impose sanctions for any contempt thereof.

SO STIPULATED AND AGREED.

| | |
|---|---|
| **TREEHOUSE LAW, LLP** | **K&L GATES LLP** |
| */s/ Benjamin Heikali* | */s/ Loly G. Tor* |
| Benjamin Heikali (*pro hac vice*) | Loly G. Tor |
| 10250 Constellation Blvd., Ste. 100 | One Newark Center, 10th Fl. |
| Los Angeles, CA 90067 | Newark, New Jersey 07102 |
| Tel: (310) 751-5948 | Tel: (973) 848-4026 |
| bheikali@treehouselaw.com | loly.tor@klgates.com |
| | |
| | Paul W. Sweeney, Jr. |
| **CUSTODIO & DUBEY, LLP** | (admitted *pro hac vice*) |
| | 10100 Santa Monica Blvd., 8th Fl. |
| Robert Abiri | Los Angeles, California 90067 |
| 445 S. Figueroa Street, Ste. 2520 | Tel: (310) 552-5000 |
| Los Angeles, CA 90071 | paul.sweeney@klgates.com |
| Tel: (213) 593-9095 | |
| Fax: (213) 785-2899 | Pallavi Mehta Wahi |
| abiri@cd-lawyers.com | (admitted *pro hac vice*) |
| | Shelby R. Stoner |
| *Attorneys for Plaintiffs Eric* | (admitted *pro hac vice*) |
| *Schleyer and Emilyn Mishkan* | 925 Fourth Avenue, Ste. 2900 |
| | Seattle, WA 98104 |
| | Tel: (206) 623-7580 |
| Dated: October 23, 2023 | pallavi.wahi@klgates.com |
| Los Angeles, California | shelby.stoner@klgates.com |
| | |
| | *Attorneys for Defendant* |
| | *Starbucks Corporation* |
| | |
| | Dated: October 23, 2023 |
| | Newark, New Jersey |

SO ORDERED.

Dated: October 24, 2023  
New York, New York

                                        DALE E. HO  
                          United States District Judge

**Exhibit A**
to Stipulated Confidentiality
Agreement and Protective Order

**UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK**

| | |
|---|---|
| ERIC SCHLEYER and EMILYN MISHKAN, on behalf of themselves and all others similarly situated,<br><br>　　　　　Plaintiffs,<br><br>　　v.<br><br>STARBUCKS CORPORATION,<br><br>　　　　　Defendant. | Case No. 22-cv-10932-DEH<br><br>Hon. Dale E. Ho, U.S.D.J.<br><br>**STIPULATED CONFIDENTIALITY AGREEMENT AND PROTECTIVE ORDER** |

　　　　I, _____, acknowledge that I have read and understand the Protective Order in this action governing the non-disclosure of those portions of Discovery Material that have been designated as Confidential or Highly Confidential. I agree that I will not disclose such Confidential or Highly Confidential Discovery Material to anyone other than for purposes of this litigation and that at the conclusion of the litigation I will return or destroy all discovery information to the Party or attorney from whom I received it. By acknowledging these obligations under the Protective Order, I understand that I am submitting myself to the jurisdiction of the United States District Court for the Southern District of New York for the purpose of any issue or dispute arising hereunder and that my willful violation of any term of the Protective Order could subject me to punishment for contempt of Court.

　　　　　　　　　　　　　　　　　　　　　　　　　_____
　　　　　　　　　　　　　　　　　　　　　　　　　Name:
　　　　　　　　　　　　　　　　　　　　　　　　　Date: